

# TAZEWELL COUNTY SHERIFF'S OFFICE

**SHERIFF JEFFREY LOWER**

101 SOUTH CAPITOL ST., PEKIN ILLINOIS 61554

---

Date: 4/1/25
To: Supt. M. Harper, DJS D. Harper, Capt. Tarby
From: JOS Aaron Hoffman
Ref: PREA refusal

    On 4/1/25 at approximately 10:00 I, JOS Hoffman, was informed by C/O J. Stocke that detainee Alexander Brady in T-2 wanted to file a PREA complaint. J. Stocke said Brady told him 2 Tazewell County Deputies stripped him naked on 3/8/25. I told him I would speak with Brady shortly about this. I searched JMS and discovered Brady has not been in our custody until today. I looked up reports in RMS and discovered on 3/8/25 Brady was arrested by Deputy Oberle on charges with the assistance of Deputy Reese. He was transported to Methodist Medical Carle in Peoria due to being suicidal and trying to commit suicide by cop. He was involuntarily committed in the hospital by the deputies involved and Jake from Emergency Response Services (ERS). He was released from deputy custody on NTA's for his charges and left in the custody of the hospital on the involuntary committal.

    At approximately 10:16 I started an AXON recording in interview room 1 on the first floor of the jail so I could interview Brady. I called booking and had C/O Schertz bring him to the interview room. I entered the room and Brady was seated in a chair. I informed him that the room was audio and video recorded and pointed to the cameras in the room. I told him I was here to speak with him in regards to his complaint. Brady said he would not speak with me because he wanted witnesses in the room. In my training and experience PREA investigations are to be performed in the most private manner and when interview someone it is to be the investigator (myself) and the individual filing the complaint. I told him his witness would be the cameras and he still refused to speak with me wanting a witness. I told him that was not going to happen and if he did not want to speak with me he could go back to booking. I notified Schertz to come retrieve him. As he was being walked back to booking Brady said he was going to be $100,000 richer and Schertz and I had already lost our jobs.

    I notified DJS D. Harper of the full situation as he had witnessed some of this. We went to Supt. M. Harper's office to inform him of Brady's refusal to speak with me for the investigation. Supt. Harper said he would speak with Capt. Tarby about the complaint.

    I did not review the Axon recording prior to writing this memo.

JOS Aaron Hoffman

Office 309-478-5600    Dispatch 309-346-4141    www.tazewell-il.gov

**Tazewell County Justice Center**
**Classification/PREA 115.41 Screening Assessment Form**

COPY



BEEN PREVIOUSLY INCARCERATED: ✓ YES ___ NO  WHERE: Knox, Woodford, DOC -Graham -21

CRIMINAL HISTORY EXCLUSIVELY NONVIOLENT: ✓ YES ___ NO

PRIOR CONVICTIONS FOR SEX OFFENSES AGAINST: ADULT ___ CHILD ___ NONE ✓

INMATE IS: HETEROSEXUAL ✓ GAY ___ LESBIAN ___ BISEXUAL ___ TRANSGENDER ___

INTERSEX ___ GENDER NONCONFORMING ✓

INMATE IS PRECEIVED: HETEROSEXUAL ✓ GAY ___ LESBIAN ___ BISEXUAL ___ TRANSGENDER ___

INTERSEX ___ GENDER NONCONFORMING ___

PREVIOUSLY EXPERIENCE SEXUAL VICTIMIZATION: ✓ YES ~~NO~~  — as child, 2 Tazewell Deputies march 8th, said tried to Report but no one takes it seriously

DOES INMATE FEEL AT RISK FOR VICTIMIZATION: ___ YES ✓ NO

INMATE DETAINED SOLEY FOR CIVIL IMMIGRATION PURPOSE: ___ YES ✓ NO

PRIOR ACTS SEXUAL ABUSE: ___ YES ✓ NO

PRIOR CONVICTIONS FOR VIOLENT OFFENSES: ∅

HISTORY OF INSTITUTIONAL VIOLENCE: ∅

HISTORY OF INSTITUTIOAL SEXUAL ABUSE: ∅

INTERVIEW COMMENTS:

Spoke to Jos Hoffman about claims the PREA report wasn't taken. Hoffman said Brady refused to cooperate with the prea investigation

All at risk Inmates will be reclassified every 30 days and will reassess the inmate's risk of victimization or abusiveness. An inmate's risk level shall be reassessed when warranted due to referral, request, incident or sexual abuse, or receipt of additional information that bears on the inmate's risk of sexual victimization or abusiveness.

_____ Classification Officer Signature         _____ Detainee Signature
                                                    *(Detainee signature signifies they have answered all questions truthfully)*

WHITE – CLASSIFICATION          PAGE 2 OF 2          TCJC FORM 0029 | REVISED 03-07-2023

**Tazewell County Justice Center**
**Classification Criminal Background**

PAST VIOLENT FELONIES?  YES OR (NO)

    IF YES # _____

    CHARGE: _____

FELONY CONVICTIONS # __6__

    NOTES: Res Burg - 3/20/17
Poss Firearm FOID Revoked - 3/8/17 x3, 12/9/16
Poss Meth - 12/9/16

MISDOMEANOR COVICTIONS # __1__

    NOTES: DUI - 12/3/24

ELIGIBLE FOR TENDER STATUS?  YES OR NO

    IF NOT WHY NOT: _____

HOW IS YOUR HEALTH? GOOD, (FAIR), OR POOR

CAN YOU GO UP AND DOWN STAIRS? YES OR NO

    IF NOT WHY NOT: _____

HAVE YOU EVER BEEN VICTIMIZED WHILE IN CUSTODY? YES OR (NO)

    IF YES EXPLAIN: _____

DO YOU GET ALONG WITH ALL RACES? YES OR NO

    IF NOT WHAT RACE: _____

WHITE – CLASSIFICATION          TCJC FORM 0030 | REVISED 03-08-2023

**Tazewell County Justice Center**
**Detainee Request Form**

Name: Brady, Alexander J.    Date: 06/15/25  Pod: B  Cell: 6L
       (Last)    (First)    (M.I.)

***Instructions***
1. Print all information
2. Provide as much information as possible, fill out the narrative section.
3. Check the ☐ item you are requesting for information.
4. Fill out **Only One (1) Request** per form.
5. Submit the written and yellow copy of the request form; keep the pink copy.

***Classification Section***
☐ Request for Tender Status
☐ Request for Reclassification
☐ Request to See Classification Officer
☐ Appeal of Disciplinary

***Medical***
☐ Request to See Nurse

*** Administrative Section***
☐ Request for information
    ☐ Court Date    ☐ Writs    ☐ Holds    ☐ Mail    ☐ Detainee Account Balance
☐ Request for Special Visit
☐ Laundry
☐ Property
☐ Food Service Section
☒ Complaint about Treatment/Grievances
    ☐ Appeal of Grievance
☐ Request to Go to Law Library
☐ Other

Narrative for above request. Use the space below and attach paper if necessary:
Per Commander Wells I am grieving Commander Hoffman's and C/O VanSchouwen (spelling unsure) (Classification officer) Refusal to take my oral complaint. This grievance is untimely due to the fact I was unsure how to proceed until I spoke to Commander Wells today 6/15/2025 at the evening meal.

Detainee Signature: _____    Date: 06/15/2025

***Staff Response***  I will forward

Pod Officer/Staff Signature: _____   Star #: _____ Date: __/__/__
Supervisor Signature: _____   Star #: _____ Date: __/__/__

WHITE – CLASSIFICATION | YELLOW – DETAINEE | PINK – DETAINEE RETAINS        TCJC FORM 0004 | REVISED 03-07-2023



# TAZEWELL COUNTY
# SHERIFF'S OFFICE

*SHERIFF JEFFREY LOWER*

**101 SOUTH CAPITOL ST., PEKIN ILLINOIS 61554**

Date: 06/27/25
To: Detainee Alexander Brady
From: DJS D. Harper
Ref: PREA Investigation

Following my interview with detainee Alexander Brady on June 17th 2025, it was determined that the alleged PREA incident did not occur within the jail facility and instead involved two patrol Deputies. In accordance with established PREA investigation protocols, the matter has been referred to Captain Tarby of the Tazewell County Sheriff's Office for further investigation.


Deputy Jail Superintendent
D. Harper



**Tazewell County Justice Center**
**PREA Shift Command Action Form**

| Date of Incident Reported: 6/17/25 | Location of Incident: Methodist Hospital | Date (s) and Time of Incident: March 8th 2025 |
|---|---|---|
| Alleged Victim: Alexander Brady | Alleged Perpetrator: Deputies Oberle / Moore | Officer Completing Report: DJS D. Harper |

| Required Documentation: | Yes/No | Comments |
|---|---|---|
| TCJC PREA Action Form | yes | |
| Incident Report (Memo Form) | yes | |
| Additional Pertinent Documentation | N/A | |

| Notification: | Yes/No | Comments |
|---|---|---|
| Was Deputy Jail Superintendent Notified | Yes | |
| Was Jail Superintendent Notified | Yes | |
| Was PREA Coordinator Notified | Yes | |

| Investigation: | Yes/No | Comments |
|---|---|---|
| Was TCJC Detective Notified | Yes | Whom: |
| Was Outside Law Enforcement Notified | N/A | Whom: |
| Who Transported Victim to OSF | N/A | |
| Was Evidence Collected | No | By Whom: No evidence |
| Was Crime Scene Secured | N/A | |
| Was Victim and Perpetrator separated | N/A | |
| Was Perpetrator a Staff Member | Yes | Whom: Deputy Oberle |
| Was Victim a Staff Member | No | Whom: |
| Victim was Interviewed by | Yes | Whom: JOS A. Hoffman |
| Perpetrator was Interviewed by | Yes | Whom: |
| Was Allegations Substantiated, Unsubstantiated, or Unfounded | | Being refered to different department |
| Was Allegations Referred for Prosecution | No | |
| Was Victim Examined by Sane/Safe Nurse | No | |

| Discipline: | Yes/No | Comments |
|---|---|---|
| Was there a Internal Discipline hearing | No | |
| What Was the Sanction | No | |
| Did Inmate Receive Sanction for False Allegations | No | |
| Who was on Hearing Board | N/A | |

**Tazewell County Justice Center**
**PREA Shift Command Action Form**



| Discipline Continued: | Yes/No | Comments |
|---|---|---|
| Are sanctions commensurate with the nature and circumstances of the abuse committed, the inmate's disciplinary history, and the sanctions imposed for comparable offenses by other inmates with similar histories | No | |
| Does the disciplinary process consider whether an inmate's mental disabilities or mental illness contributed to his or her behavior when Determining what type of sanction, if any, should be imposed? | No | |
| Pod/Cell Location Serving Sanction | N/A | |

| Discipline (if staff member): | Yes/No | Comments |
|---|---|---|
| Was Staff Member removed from Pod/Work Station | N/A | |
| Was Staff Member Sent Home | N/A | |
| Was Sheriff Notified | N/A | |
| Was Staff Member Interviewed | N/A | By Whom: |

| Classification: | Yes/No | Comments |
|---|---|---|
| New Class. Level for Victim | N/A | Level: |
| New Class. Level for Perpetrator | N/A | Level: |
| New Housing Assignment for Victim | N/A | Pod Location: |
| New Housing Assignment for Perpetrator | N/A | Pod Location: |



# TAZEWELL COUNTY
# SHERIFF'S OFFICE

*SHERIFF JEFFREY LOWER*

**101 SOUTH CAPITOL ST., PEKIN ILLINOIS 61554**

---

To: Sheriff Lower                                                                               07/08/25

From: Captain R. Tarby

Reference: Brady J Alexander PREA complaint

I ,Captain Ryan Tarby, was made aware of a PREA complaint by Deputy Jail Superintendent Dave Harper submitted by Alexander J. Brady, M/W, DOB: 08/12/1997 in regards having a deputy watching him get undressed at the hospital. I was advised that the complaint occurred while the detainee was in the custody of deputies on 03/08/25. The complaint was reported to the correction staff on 06/17/25 by Alexander. Alexander has been in custody since 4/19/25.

On 03/08/25, Deputy Oberle attempted to serve Brady Alexander an Order of Protection (TCSO case #25-00405). Alexander was confrontational and kept telling Deputy Oberle to kill him. Alexander was non-compliant and verbally abusive towards Deputy Oberle and Deputy Reese. Alexander was taken into custody and transported to the jail. The jail refused to take Alexander due to being suicidal. ERS requested he be booked into the jail and they would talk with him at the jail but Alexander was still refused by the jail staff. Alexander was transported to Carle hospital for medical evaluation.

I looked up the case #25-00405. I watched the body worn camera for the incident at the hospital. I observed Deputy Oberle and Deputy Reese were at the Carle Hospital and had Brady Alexander in their custody. The hospital staff advised Alexander that they would need to get vitals. Alexander advised the hospital staff that they weren't getting his vitals and someone would get hurt. The hospital staff advised Alexander that they had plenty of security to help. Alexander stated good because he liked to hurt them too. Alexander finally agreed to have his vitals done if it expedited the process. The female hospital staff advised it would be quicker if Alexander changed into the hospital gown and then they take the vitals. The hospital staff stated she had to stay in the room while he changed. Alexander stated that was a PREA violation because he is a male prisoner and the nursing hospital staff is female. Alexander requested to speak with the supervisor on patrol. Alexander was advised a supervisor was not available at the time but would be notified. Alexander asked if the deputies were refusing to allow him to file a PREA complaint because that in itself was a violation. The deputies advised Alexander that the supervisor was on a call and he could file the complaint when he got back in the jail or come back in at a later time.

Alexander removed his clothing with the exception of his underwear and socks. Alexander kept the underwear and socks on. The female nurse took the other clothing and placed them in a



# TAZEWELL COUNTY
# SHERIFF'S OFFICE

*SHERIFF JEFFREY LOWER*

101 SOUTH CAPITOL ST., PEKIN ILLINOIS 61554

---

clear plastic bag. The nurse handed Alexander a blue pants and shirt. Alexander put the blue shirt and pants on. Alexander's genitalia and buttocks were not exposed at any point in time while he changed into the hospital attire.

Alexander was released to the hospital for an involuntary committal. The deputies cleared the scene. Alexander was maintained in control of Carle Health in the secured portion of their facility for psychiatric evaluation.

I didn't find any wrong actions on behalf of the deputies or the Carle hospital staff. The deputies remained on scene due to Alexander making threats to cause physical harm and until he could be officially transferred to the care of Carle Hospital. The Tazewell County Sheriffs doesn't dictate the policies of Carle Health nor do we dictate their staffing to provide care for their patients. This complaint is being considered unfounded.

Captain Ryan Tarby
Criminal Investigations Division
Tazewell County Sheriff's Office