UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALEXANDER BRADY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY LOWER *et al.*, )<br>    Defendants. ) | Case No. 25-1330 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a complaint (Doc. 1) filed under 42 U.S.C. § 1983, a Motion for Counsel (Doc. 4), and Motions for Status (Doc. 8) and Status Hearing (Doc. 10) filed by Plaintiff Alexander Brady, a detainee at the Tazewell County Jail ("Jail").

I.   **Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon review of the complaint, the court accepts the factual allegations as accurate and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must

be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff identifies the following Tazewell County Officials as Defendants: Sheriff Jeffrey Lower, Captain Ryan Tarby, Jail Superintendent Mike Harper, Deputy Jail Superintendent Dave Harper, Jail Operations Supervisor Aaron Hoffman, and Deputy Sheriffs Brodie Oberle and Brandon Reese.

On March 8, 2025, Plaintiff was arrested and transported by Defendants Oberle and Reese to a hospital for a mental health evaluation. At that time, Plaintiff was told that his cell phone had been seized and would be searched after a warrant was issued. After arriving at the hospital, Oberle and Reese conducted a warrantless search of Plaintiff's phone, claiming that Plaintiff had consented. Plaintiff states he has no memory of consenting, given his mental state. (Pl. Compl., Doc 1 at 6-7.) During a "strip search" of Plaintiff's person by a female hospital staff member, Plaintiff informed Oberle and Reese that he wanted to file a Prison Rape Elimination Act ("PREA") complaint against them. (*Id*. at 7.) Oberle and Reese left after Plaintiff "was released to the hospital for an involuntary committal." (Pl. Exh., Doc. 1-1 at 9.)

On April 1, 2025, Defendant Reese arrested Plaintiff at the Tazewell County Courthouse and transported him to the Jail. Plaintiff claims that Reese failed to restrain Plaintiff using seat belts and refused to allow Plaintiff to file a complaint against Reese. (Pl. Compl., Doc 1 at 8.) At the Jail, a corrections officer informed Defendant Hoffman

that Plaintiff wanted to file a PREA complaint. In preparation for Plaintiff's PREA interview, Hoffman restrained Plaintiff using a waist chain and ankle shackles over Plaintiff's objections "due to [Americans with Disabilities Act ("ADA")] accommodations" (*Id.*)

Upon arriving at the interview room, Defendant Hoffman refused Plaintiff's request for a witness to be present and terminated the interview. Plaintiff notes Hoffman spoke with Defendant D. Harper about Plaintiff's PREA interview, and D. Harper then spoke to Defendant M. Harper, who stated he would notify Defendant Tarby. Plaintiff acknowledges that on June 17, 2025, Harper interviewed Plaintiff about his PREA concerns, and on July 8, 2025, Tarby determined Plaintiff's PREA complaint was unfounded. (*Id.*, Pl. Exh., Doc. 1-1 at 8-9.)

**C. Analysis**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254 (footnote omitted).

512 U.S. 477, 486-87 (1994). Thus, under *Heck*, a § 1983 damages claim does not accrue if a judgment in Plaintiff's favor on that claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Id*. at 487.

However, "any § 1983 claim for damages resulting from a false arrest is not barred by *Heck* and accrues immediately after the arrest, because such alleged violations of the Fourth Amendment would not necessarily impugn the validity of a conviction." *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 897 (7th Cir. 2001). The Seventh Circuit has "applied this principle categorically to all § 1983 claims for false arrest, ruling that 'Fourth Amendment claims for unlawful searches or arrests do not necessarily imply a conviction is invalid, so in all cases these claims can go forward.'" *Id.* (quoting *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998)).

Plaintiff's account is sufficient to state a Fourth Amendment unlawful search claim against Defendants Oberle and Reese. However, Plaintiff's account is insufficient to state a claim against the remaining Defendants.

Plaintiff asserts Defendant Reese failed to restrain Plaintiff with seat belts, but this assertion does not state a constitutional violation. Neither the Supreme Court nor the Seventh Circuit has held that transporting an inmate without a seat belt creates an intolerable risk of harm. *See Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (affirming the district court conclusion on summary judgment for the defendant with respect to the claim that the defendant exhibited deliberate indifference to the plaintiff's safety by failing to confine him more securely in the police car); *see also Jabbar v. Fischer*, 683 F.3d 54, 57–58 (2d Cir. 2012) ("hold[ing] that the failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments").

"The primary mandate of Title II [of the ADA] is that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Lacy v. Cook County*, 897 F.3d 847, 852 (7th Cir. 2018) (quoting 42 U.S.C. § 12132); *see also United States v. Georgia*, 546 U.S. 151, 157 (2006) ("[T]he phrase 'services, programs, or activities' in § 12132 includes recreational, medical, educational, and vocational prison programs.")

A Rehabilitation Act claim is functionally identical to an ADA claim. *See Amundson v. Wis. Dep't of Health Servs.*, 721 F.3d 871, 873 (7th Cir. 2013) (concluding that the Rehabilitation Act and the ADA are substantively identical and that, because the Rehabilitation Act affords plaintiffs any relief to which they may be entitled, claims under the ADA become academic).

"[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). "As a practical matter, then, [courts] may dispense with the ADA and the thorny question of sovereign immunity, since [a plaintiff] can have but one recovery." *Id*. at 672. "Illinois has waived its immunity from suits for damages under the Rehabilitation Act as a condition of its receipt of federal funds." *Id*. 672 n.5.

However, "the Illinois Department of Corrections [or other relevant state agency] is the proper defendant for this claim because there is no individual liability under the

Rehabilitation Act." *Wilson v. Sood*, 727 F. App'x 220, 223 (7th Cir. 2018) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015)); *see also Silk v. City of Chicago*, 194 F.3d 788, 797 n. 7 (7th Cir. 1999) (finding no individual liability under the ADA and explaining the Rehabilitation Act is nearly identical).

Plaintiff's assertion that Defendant Hoffman violated the ADA by restraining him with a waist chain and ankle shackles over Plaintiff's objections is insufficient to state a claim. Plaintiff also does not state a claim against Defendants under the PREA because the Act does not create a private cause of action. *See Ross v. Gossett*, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016) (The PREA "does not create a private cause of action" but instead "establishes finding of facts, sets forth statistics, recites research, adopts standards, and provides for grant money") (collecting cases); *Krieg v. Steele*, 599 F. App'x. 231 (5th Cir. 2015) (PREA does not create a private cause of action).

## II. Remaining Motions

Plaintiff also moves to recruit counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motion for Status (Doc. 8) and Motion for Status Hearing (Doc. 10) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **Plaintiff's Motions for Status (Doc. 8) and Motion for Status Hearing (Doc. 10) are MOOT.**

3) **According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourth Amendment unlawful search claim against Defendants Oberle and Reese. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Court DIRECTS the Clerk of the Court to terminate Jeffrey Lower, Ryan Tarby, Mike Harper, Dave Harper, and Aaron Hoffman as Defendants.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status**

of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

10) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

11) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

12) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect

   formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

13) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

14) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED January 22, 2026.

                                        s/ *Colleen R. Lawless*
                                   _____
                                        COLLEEN R. LAWLESS
                                   UNITED STATES DISTRICT JUDGE